IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

KERRI FANDREI                                                                                          PLAINTIFF

V.                                              4:08CV00090 JMM

ELI LILLY AND COMPANY                                                              DEFENDANT

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Pending is Defendant Eli Lilly and Company's ("Lilly") Motion for Summary Judgment. Plaintiff responded to the motion and Lilly filed a reply. For the reasons set forth below, the Motion is GRANTED.

Plaintiff filed suit against the Defendant for disability discrimination in violation of the American with Disabilities Act (the "ADA") and the Arkansas Civil Rights Act (the "ACRA"). Specifically, Plaintiff claims that the Defendant failed to reasonably accommodate her disability. Plaintiff has also alleged a state law tort of outrage claim.

### Facts

Defendant Lilly employed Plaintiff Kerri Fandrei as an outside sales representative from October 17, 1994 until 2008. Fandrei's normal job activities included setting up hospital displays, visiting doctors, attending and arranging speaker programs, providing drug samples to doctors, arranging catering, computer work, and travel within her territory. During the last five years of her employment with Lilly, Plaintiff's territory consisted of the area from Russellville to Pine Bluff, Arkansas.

Fandrei had many different supervisors during her tenure. Each had their own style of management and supervision. Most of Fandrei's supervisors lived outside of Arkansas and, therefore, much of the management provided by these supervisors occurred via telephone and

computer. (Pl.'s Dep. at p. 34). A key measure of success for Fandrei was the number of prescriptions written by the doctors in her territory. In order to achieve their sales goals, Lilly required its sales force to set goals for contact with prescribing doctors and to document when contact was made. Further, regulatory guidelines require Lilly and its sales force to keep accurate and up-to-date drug sample records to ensure accountability for prescription medications.

Fandrei was diagnosed with fibromyalgia by her physician in 1995. As a result of this condition, Fandrei experiences interrupted and disturbed sleep, chronic widespread pain of the body, migraines, earaches, facial pain, fatigue, extreme difficulty being immobile for periods of time, muscle spasms in her back, difficulties bending, twisting, lifting over 10 pounds, and complete restriction from reaching over her head. (Pl. Dep. At p. 113, 114, 125). Fandrei also suffers from a condition called ocular histoplasmosis. She was diagnosed with this condition in 1994. In Plaintiff's case, ocular histoplasmosis caused a significant barbell shaped lesion in the center of the field of vision in her left eye. (Pl.'s Dep. At p. 136-37). While working for Lilly, Plaintiff experienced difficulty entering her call reports into her computer, lifting heavy boxes of drug samples and utilizing certain company vehicles as a result of her conditions.

From December 1997 until November 2007, Plaintiff was disciplined by Lilly five times for failure to adequately complete her administrative duties, including her call entries. (Pl.'s Dep. at p. 179, 180, 183, 185, 207). In her 1998, 2001, 2003, 2005, and 2006 yearly reviews, Plaintiff was counseled about the importance of her administrative duties and her deficiencies in this area of performance. (Def.'s Ex. 15, 18, 20 to the Motion for Summ. Judg., Pl.'s Dep. at p. 181, 191).

Plaintiff acknowledges her administrative deficiencies but alleges these failures were caused by her disabilities. She contends that prior to 2006, Lilly had, at her request, accommodated her disabilities by allowing her to enter her call reports on weekends instead of on a daily basis and by providing her a special fleet vehicle. However, Plaintiff claims that in 2006 Lilly stripped the accommodations for daily administrative tasks and denied additional accommodations with regard to her fleet vehicle.

On October 23, 2007, Plaintiff filed a Charge of Discrimination with the EEOC. In her Charge, Plaintiff stated that she submitted a request for medical accommodation on April 19, 2006 and that for approximately six (6) months she had been required to drive a vehicle that agitated her medical condition. She stated that she had been sent heavy boxes by Lilly despite a lifting restriction and that she had been asked to submit daily reports instead of weekly reports which had been a previous accommodation. (Ex. 3 to Def's Statement of Undisputed Fact.). Plaintiff received a right to sue notice on November 2, 2006.

On November 13, 2007, Lilly placed Plaintiff on probation. This action resulted in a loss of bonuses and promotions. (Def.'s Ex. 30). Plaintiff's employment was terminated by Lilly in early March 2008. Since her resignation, Plaintiff has been employed as a house supervisor at a nursing facility, as Academic Detailer for the Arkansas Foundation for Medical Care, a consultant to doctors' office and an instructor at Arkansas Baptist School. (Pl.'s Dep at p. 223-232.)

Defendant seeks summary judgment of Plaintiff's claims because 1) Plaintiff is not a qualified person with a disability; 2) she does not have a substantial limitation in any major life activity; and 3) her claims exceed the scope of her EEOC Charge.

<u>Standard for Summary Judgment</u>

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th Cir. 1988) (citations omitted)(brackets in original)). Only disputes over facts that may affect the

outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Discussion of the Law

A. ADA Claim

The ADA prohibits "discrimination by a covered employer against a qualified individual with a disability because of the disability.  An employer can discriminate by failing to make reasonable accommodation to the known limitations of an employee." *Nuzum v. Ozark Automotive Distribs., Inc*., 432 F.3d 839, 842 (8th Cir. 2005).  "If a party alleges a claim of discriminatory disparate treatment, then the traditional burden-shifting framework of McDonnell Douglas will apply. . . . However, if a party makes a reasonable accommodation claim, then we apply a modified burden-shifting analysis.  *Fenney v. Dakota, Minnesota & Eastern R. Co.*  327 F.3d 707, 711-712 (8th Cir. 2003).  Plaintiff makes reasonable accommodation claims in this case.

Under the modified burden-shifting approach, the employee must make a facial showing that she has an ADA disability and that she has suffered an adverse employment action. She must also make a facial showing that she is a "qualified individual."  *Fenney v. Dakota, Minn. & E. R.R. Co.,* 327 F.3d 707, 712 (8th Cir. 2003).[1]  The Defendant's primary contention is that even if Plaintiff is disabled, she is not a qualified individual with a disability.[2]

---

[1] Courts "analyze a disability claim presented under the ACRA using the same principles employed in analyzing claims under the Americans with Disabilities Act...." *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 490 (8th Cir.2002).

[2] Defendant does not concede, however, that Plaintiff has a disability.

Plaintiff must prove that she is a "qualified individual" under the ADA.

> To be a qualified individual within the meaning of the ADA, an employee must (1) possess the requisite skill, education, experience, and training for his position, and (2) be able to perform the essential job functions, with or without reasonable accommodation.

*Brannon v. Luco Mop Co.,* 521 F.3d 843, 848 (8th Cir. 2008)(quoting *Fenney,* 327 F.3d at 712).

There is no dispute that Plaintiff possesses the requisite skill, education, experience and training for her position. Lilly claims, however, that Plaintiff cannot prove the second prong of this test, that she was able to perform the essential job function of entering call reports with or without a reasonable accommodation. Plaintiff does not dispute that entering her calls into her computer is an essential job function. She contends that she was able to perform this essential job function with reasonable accommodation.

"In cases where the employee claims that he is able to perform the essential functions of the job with a reasonable accommodation, the employee must only make a 'facial showing that a reasonable accommodation is possible.'" *Fenney*, 327 F.3d at 712 (quoting *Benson v. Northwest Airlines, Inc*., 62 F.3d 1108, 1112 (8th Cir.1995)). When the employee has made that facial showing, "[t]he burden then shifts to the employer to show that it is unable to accommodate the employee." *Id.*

Plaintiff states that she was given reasonable accommodations prior to November 2006 by the Defendant. She states she was allowed to enter her calls on the weekends instead of on a daily basis and that she was given a vehicle that would accommodate her disabilities. (Pl.'s Dep. at p. 72). However, Defendant points out that Plaintiff did not enter her calls on a consistent

weekly basis in 2006 and 2007.[3]  The record reflects, and Plaintiff does not deny, that she only entered her calls on seven (7) weekends during this two year time period.  Therefore, Plaintiff cannot prove that she was performing or could perform her essential job functions with an accommodation.  *See Brannon v. Luco Mop Co.*  521 F.3d 843, 849 (8th Cir. 2008)("Brannon failed to demonstrate that her requested accommodation of additional time off to recuperate would have enabled her to have consistent attendance at work.").

Plaintiff may be alleging that a reasonable accommodation in her situation would be to enter her calls as frequently as she was physically able.  There is no precise test for what constitutes a reasonable accommodation, but an accommodation is unreasonable if it requires the employer to reallocate or eliminate an essential function of the job.  *Buckles v. First Data Res., Inc.*, 176 F.3d 1098, 1102 (8th Cir. 1999); *Dropinski v. Douglas County, Neb.*, 298 F.3d 704, 709 (8th Cir. 2002).  The Court finds that providing Plaintiff unfettered discretion as to when her call reports must be entered is an unreasonable accommodation.  These call reports are used to monitor employees' activities in an atmosphere where there is little other oversight by management.   It would cause an undue hardship on the Defendant to allow Plaintiff to proceed with no accountability for her administrative duties.

Accordingly, Plaintiff's claim fails because she does not make a facial showing that she was a qualified individual under the ADA.  Specifically, she fails to show that her request for weekend call entry was a reasonable accommodation that would permit her to perform the essential function of her job.  Therefore, Defendant's Motion for Summary Judgment of this

---

[3] Defendant does not concede that entering calls on a weekly basis is a reasonable accommodation.

claim is granted.

    B.    <u>Tort of Outrage</u>

The Arkansas Supreme Court has explained that the tort of outrage is found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Palmer v. Ark. Council on Econ. Educ.,* 40 S.W.3d 784, 791-92 (Ark. 2001)  There are four elements necessary to establish liability for the tort of outrage in Arkansas:

> (1) the actor intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.

*Island v. Buena Vista Resort,* 103 S.W.3d 671, 681 (Ark. 2003)(citing *Faulkner v. Arkansas Children's Hosp.*, 69 S.W.3d 393 (Ark. 2002)).  Arkansas has taken a very narrow view of outrage claims and requires clear-cut proof to establish the elements.  *Allen v. Allison*, 155 S.W.3d 682, 692 (Ark. 2004).

In support of her outrage claim, she alleges that Lilly "embarked on a sudden change in policy that appeared to be directed solely at intimidating, harassing and embarrassing" and "forcing her to face situations on a daily basis that subjected her to pity and embarrassment." (Pl.'s Resp. At p. 19).  She states that her emotional distress has been severe.  Id.

In *Smith v. American Greetings Corp.*, 804 S.W.2d 683 (Ark. 1991), the plaintiff alleged that he had a dispute with his shift leader while at work, and after work he tried to discuss the matter, but the shift leader hit him. He alleged that he was fired the next day "because the management of defendant's corporation found that he had provoked management personnel into

a fight." *Id.* at 685. Plaintiff filed suit against the employer stating a claim for the tort of outrage. The Arkansas Supreme Court found that the employer's conduct did not come close to meeting the tort of outrage standard.

In *Sterling v. Upjohn Healthcare Services, Inc.*, 772 S.W.2d 329 (Ark. 1989), the plaintiff's supervisor disliked him. In an attempt to get him fired, plaintiff's supervisor "falsely told other Upjohn employees that Sterling was always drunk, falsely accused Sterling of making untrue statements on his job application, delayed the processing of Sterling's expense vouchers, as well as those of other employees who would blame Sterling for the delay, asked employees under Sterling's supervision to watch Sterling and report back to him periodically, instructed Sterling not to communicate with other employees and to route all questions to him, and finally, cursed Sterling, becoming violent when discussing him with other employees." *Id.* at 279. Again, the Arkansas Supreme Court found that the employer's conduct did not meet the standard of egregiousness to sustain a claim for the tort of outrage.

The Court finds that Defendant's conduct was not as outrageous as the conduct of the defendants in *Smith* and *Sterling,* and therefore, not outrageous enough to rise to the level of proof required for the tort of outrage under Arkansas law. Further, Plaintiff has failed to offer proof that her emotional distress was "so severe that no reasonable person could be expected to endure it." *Island v. Buena Vista Resort*, 103 S.W.3d 671, 682 (Ark. 2003). Therefore, Defendant's Motion for Summary Judgment of this claim is granted.

Conclusion

For the reasons stated, the Motion for Summary Judgment (Docket # 18) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 11th day of March 2009.

_____
James M. Moody
United States District Judge