**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KERRI FANDREI**                                                                                    **PLAINTIFF**

**V.**                                              **4:08CV00090 JMM**

**ELI LILLY AND COMPANY**                                                           **DEFENDANT**

### ORDER

Plaintiff asks the Court to reconsider its Order of March 11, 2009 granting summary judgment in favor of the Defendant. Plaintiff argues that there is a genuine issue of material fact as to whether and how often she entered her call data, an essential function of her former job with Defendant Eli Lilly and Company. The Defendant has responded to the motion.

In this case, Plaintiff argued that her rights under the Americans with Disabilities Act (the "ADA") were violated because the Defendant failed to provide her a reasonable accommodation. Plaintiff claimed that for years the Defendant had allowed her to enter her call data on the weekends as a reasonable accommodation for her impairments. However, Plaintiff claimed that in November 2006 the Defendant withdrew the weekend accommodation and required her to enter her call data every 48 hours. Plaintiff contended that the requirement that she enter calls every 48 hours was not a reasonable accommodation and, therefore, a violation of her rights.

The Defendant responded that it provided Plaintiff with a reasonable accommodation by allowing her to enter her calls every 48 hours instead of every 24 hours as other employees were required. Lilly argued that Plaintiff was never actually given a weekend call entry accommodation. More importantly, Lilly argued that even if Plaintiff had been allowed to enter her calls every weekend, she had failed to do so for the two year period of 2006 through 2007.

Lilly provided the affidavit of Sherman Spiegel as evidence. Therefore, Plaintiff was not a qualified individual under the ADA because she was not performing her essential job functions even with her own proposed reasonable accommodation.

In her Response to Defendant's Statement of Facts, Plaintiff did not specifically dispute Lilly's statement that she only entered her calls on seven (7) weekends during 2006 and 2007. She stated:

> Plaintiff admits that she entered her call data at least seven weekend dates between January 1, 2006 and December 31, 2007. Plaintiff additionally states that she had been given flexibility in performing her data entry duties as an accommodation for her impairments. Fandrei Aff. Para. 7. Plaintiff further states that during that time period, she was variously "out of territory" for regional and district company meetings, physical therapy, sick days, vacation days, and company mandated holidays. Many of these functions fell on weekends (including quarterly meetings), and during these events, she did not enter data on weekends. Plaintiff denies all other allegations contained in paragraph 26.

Plaintiff did not contend or provide evidence that she entered her 2006-2007 call data on all weekends except for holidays, vacation days, or meeting days. She did not contend or provide evidence that she entered her 2006-2007 call data on weekdays. *See e.g., Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996)("A district court is not required to speculate on which portion of the record the nonmoving party relies, nor is it obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim.").

On March 11, 2009, the Court agreed with the Defendant and found that Plaintiff had failed to meet her burden of showing that she was a "qualified individual" under the ADA. "Specifically, she fails to show that her request for weekend call entry was a reasonable accommodation that would permit her to perform the essential function of her job." Court's Order of March 11, 2009, at p. 7. Although Plaintiff now argues that the Court based its decision

on a mistaken reading of material facts in dispute, Plaintiff does not point to any evidence in the record or provide any further evidence to support her factual contentions.

Moreover, the Court noted in the Order that it was unclear what the Plaintiff was arguing in her Response. "Plaintiff may be alleging that a reasonable accommodation in her situation would be to enter her calls as frequently as she was physically able." *Id.* The Court found this alternative to be unreasonable under the circumstances of Plaintiff's case. "The Court finds that providing Plaintiff unfettered discretion as to when her call reports must be entered is an unreasonable accommodation." *Id.*

In conclusion, the Plaintiff's Motion for Reconsideration (Docket # 32) is DENIED for the reasons set forth in the Court's March 11, 2009 Order.

IT IS SO ORDERED this 8th day of April 2009.

_____
James M. Moody
United States District Judge